IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JARED MATTHEW TUCKER, 01777865,  Petitioner, | ) ) ) |
| v. | ) ) No. 3:13-CV-4982-B |
| WILLIAM STEPHENS, Director, Texas Dept. Of Criminal Justice, Correctional Institutions Division,  Respondent. | ) ) ) ) ) ) |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge follow:

### Factual Background:

This is a habeas corpus proceeding brought under 28 U.S.C. § 2254. In 2012, Petitioner was convicted of burglary of habitation in Dallas County, Texas, cause number F-1160227-J. He was sentenced to five years in prison.

In this petition, Petitioner does not challenge his conviction or sentence. Instead, he challenges the Texas Board of Pardons and Paroles' ("the Board's") decision to deny him release to discretionary mandatory supervision. He argues the Board's decision denied him due process and equal protection, and that the Board misapplied Texas Government Code § 508.149.

On March 26, 2014, Respondent filed his answer arguing the petition is unexhausted. Petitioner did not file a reply. The Court finds the petition should be dismissed for failure to exhaust state remedies.

**Discussion:**

A petitioner must fully exhaust state remedies before seeking federal habeas relief. *See* 28 U.S.C. § 2254(b). This entails submitting the factual and legal basis of any claim to the highest available state court for review. *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). A Texas prisoner must present his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or an application for writ of habeas corpus. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985). A federal habeas petition that contains unexhausted claims must be dismissed in its entirety. *Thomas v. Collins*, 919 F.2d 333, 334 (5th Cir. 1990); *Bautista*, 793 F.2d at 110. The exhaustion requirement applies to prisoners challenging a denial of release to mandatory supervision. *Hoffman v. Cockrell*, 2002 WL 261430, *1 (5th Cir. Jan. 30, 2002); *Bradshaw v. Stephens*, No. 3:13-CV-3200-M, 2013 WL 578026 (N.D. Tex. Oct. 21, 2013) (citations omitted).

Petitioner did not challenge the Board's decision in a state application for writ of habeas corpus, or any other proceeding before the Texas Court of Criminal Appeals. Petitioner's claims should be dismissed for failure to exhaust his state remedies.

**RECOMMENDATION**

The Court recommends that the petition be dismissed without prejudice for failure to exhaust state remedies.

Signed this 12 day of May, 2014.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).